976 F.2d 747
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jay JOHNSON, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 91-3537.
 United States Court of Appeals, Federal Circuit.
 Aug. 11, 1992.
Rehearing Denied Oct. 30, 1992.
 
 Before NIES, Chief Judge, RICH, Circuit Judge, and RESTANI, Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Jay Johnson petitions for review of the Merit Systems Protection Board decision, No. DC 07529110190, affirming the Department of Defense Dependents Schools' (DoDDS) action removing Johnson from his position as a labor relations specialist. We affirm.
 
 DISCUSSION
 
 2
 Johnson was removed from his position with DoDDS for pushing his supervisor, absence without leave on two separate occasions, failure to follow office procedures, deliberately failing to complete a work assignment, and claiming overtime for work not performed. Johnson, on the erroneous advice of the agency, appealed to the Equal Employment Opportunity Commission (EEOC). The EEOC rejected the appeal because it was a "mixed" case involving discrimination and nondiscrimination claims and redirected it to the Board.
 
 
 3
 With regard to the pushing incident, the AWOL charges, and the overtime charge, the Administrative Judge (AJ) found the agency's witnesses credible and Johnson's testimony not credible. The other charges were not sustained. The AJ determined that the removal promoted the efficiency of the service, that Johnson has failed to establish harmful procedural error, and that the penalty did not exceed the bounds of reasonableness.**
 
 
 4
 The AJ's decision concerning the charges that were sustained all revolved around credibility determinations. Such credibility determinations are "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Based on this record, the AJ's findings are supported by substantial evidence. See 5 U.S.C. § 7703(c). Further, the AJ considered the Douglas factors, Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981), in determining whether the penalty was within the bounds of reasonableness. Finally, the AJ concluded that Johnson had not accepted responsibility for his actions and would not be rehabilitated by a lesser penalty. We discern no error in the Board's decision.
 
 
 
 *
 The Honorable Jane A. Restani, U.S. Court of International Trade, sitting by designation
 
 
 **
 Johnson's informal brief filed here indicates that this is a "mixed" case. In response to the court's February 19, 1992 show cause order why the case should not be dismissed, Johnson filed a revised Fed.Cir.R. 15(c) statement expressly waiving any claim of discrimination in connection with his removal. We therefore have jurisdiction over the case and address only the nondiscrimination issues raised in the briefs